GUARDIAN ASSURANCE COMPANY, LTD., PETICIONARIA, *v.* LÓPEZ ACOSTA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un mandamiento de *certiorari* al Juez de la Corte de Distrito de Guayama en causa sobre cobro de dinero (procedimiento sobre aprobación de exposición del caso).

No. 168.—Resuelto en diciembre 12, 1916.

EXPOSICIÓN DEL CASO—PRÓRROGA INDEFINIDA PARA PRESENTARLA—NOTIFICACIÓN DE ORDENES.—Una orden de una corte de distrito concediendo treinta días de prórroga a un apelante, contados desde el día de su notificación, para presentar el pliego de exposición del caso y de excepciones, es indefinida y nula por no existir persona alguna determinada que esté en el deber de notificar al apelante ni término fijo para cumplirla.

ID.—PRÓRROGA PARA PRESENTARLA.—En la concesión de una prórroga para presentar un pliego de exposición del caso o de excepciones, el juez puede actuar *ex parte* y hasta fuera del local del tribunal.

ABOGADOS—FUNCIONARIOS DE LA CORTE—NOTIFICACIÓN DE ORDENES.—El abogado es un funcionario de la corte y como tal se presume que asiste a ella, siendo su obligación enterarse de la marcha de sus asuntos. El abogado no tiene el derecho legal de confiar en un secretario o márshal, fuera de la corte, en lo que respecta a informaciones o notificaciones relativas a sus casos.

NOTIFICACIÓN DE ORDENES—EXCEPCIONES A LA REGLA.—La Ley confiere gran protección a la comparecencia de las partes ante la corte, pero una vez que cualesquiera de ellas ha comparecido, por lo general queda obligada a enterarse por sí misma de todos los procedimientos subsiguientes sin que el secretario ni el márshal estén en la obligación de notificarle de las órdenes que se dicten. Las únicas excepciones a la regla son las establecidas por la Ley No. 70, de 9 de marzo de 1911 y No. 33 (art. 142A del Código de Enjuiciamiento Civil) de 11 de marzo de 1915.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Manuel M. Ginorio.*

El juez demandado, Hon José A. López Acosta, no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En 12 de julio según el peticionario, o en julio 15 como se expresa en la opinión que ha sido transcrita en la petición, el peticionario, demandado y apelante en la acción titulada *Jesús María Ortiz* v. *Guardian Assurance Co., Ltd.,* presentó una moción solicitando se le concediera una prórroga de quince días para presentar el pliego de exposición del caso, a contar desde el día en que el taquígrafo entregase el récord.

La corte con igual fecha 15 de julio, dictó la siguiente orden:

"Se conceden al peticionario treinta (30) días de prórroga, toda vez que la solicitada es incierta, cuyos treinta días se contarán desde el día de hoy."

En el mismo día el juez corrigió su orden quedando redactada como sigue:

"Se conceden al peticionario treinta días (30), de prórroga, toda vez que la solicitada es incierta, cuyos treinta (30) días se contarán desde el día de su notificación."

Esta orden fué notificada al abogado de la demandada

apelante por el secretario de la corte de distrito en 4 de agosto, y en 2 de septiembre procedió el juez a conceder una nueva prórroga de quince días que vencería en 19 de septiembre.

En 18 de septiembre fué radicado el pliego de exposición, señalándose el día 28 para su vista.

En 22 de septiembre habiendo presentado el abogado del demandante una moción solicitando la eliminación del pliego de excepciones y exposición del caso, la corte dejó sin efecto su orden señalando la vista de la exposición del caso, y señaló la vista de la moción de eliminar para el día 9 de octubre, y dictó en octubre 13 la siguiente resolución:

"Que la orden de prórroga de 15 de julio de 1916, tal cual fué corregida, es nula por haber sido dada en exceso de jurisdicción.

"Que la prórroga concedida en 2 de septiembre es nula toda vez que fué después de haber expirado el plazo anterior.

"Que habiendo sido archivada la exposición del caso fuera del tiempo concedido por la ley, no procede aprobar la misma."

También aparece de los autos que el peticionario con anterioridad al día 4 de agosto, 1916, no tuvo noticia de haber sido dictada la orden de julio 15, 1916, aunque en 20 de julio escribió él al márshal y fué informado por dicho funcionario de que no se había dictado ninguna orden en el caso.

Y fundado en esto el peticionario solicita de este tribunal la expedición de un auto de *certiorari* y que una vez que sea diligenciado resuelva que la corte de distrito cometió error en su resolución a la cual se ha hecho referencia en último término, que las órdenes concediendo las llamadas prórrogas fueron dictadas dentro de la jurisdicción de la corte sentenciadora, y que el pliego de excepciones y exposición del caso fueron archivados dentro del término prescrito por la ley.

La segunda orden de la corte dictada en julio 15, 1916, era tan indefinida que hace que el caso quede comprendido dentro de los principios enunciados en el de *Belaval* v. *Córdova, Juez de Distrito,* 21 D. P. R. 537. Y no importa que el término había de empezar a correr desde el día de la noti-

ficación.   Ninguna persona determinada estaba en el deber de notificar al apelante, ni había un término fijo para cumplir con dicho deber.   El secretario por virtud de estatutos específicos (Leyes de 1911, No. 70 y Leyes 1915, No. 33) está en el deber de notificar las sentencias a la parte perjudicada, y las resoluciones en que se declare con o sin lugar una moción para eliminar o una excepción previa para cualquiera alegación y no se anunciare la decisión en presencia de las partes o de sus abogados, pero este deber es la excepción que señala la regla.   No tiene ninguna otra obligación de notificar órdenes a un apelante.   El abogado en cuanto al particular respecta es tan funcionario de la corte como lo es el secretario.   Se presume que dicho abogado asiste a la corte y es su deber el enterarse de la marcha de sus casos. Por ejemplo, si después de dictada la orden errónea de julio 15 hubiera comparecido prontamente el abogado ante la corte y solicitado que fuera nuevamente corregida la orden a fin de que la prórroga fuera definida, la corte podría haber tenido alguna facultad para concederla.   Es una idea errónea la de que un abogado tiene el derecho legal de confiar en un secretario o márshal, fuera de la corte, en lo que respecta a una información o notificación relativa a sus casos.   Dicha confianza es cuestión de conveniencia particular, pero nó el derecho legal de un abogado.

La ley confiere gran protección a la comparecencia de las partes ante la corte.   Pero una vez que comparece una parte voluntariamente como demandante, o ha sido debidamente notificada como demandada, por lo general queda obligada a enterarse por sí misma de todos los procedimientos sucesivos.   Exigir que sean notificados todos los procedimientos por algún funcionario sería complicar indefinidamente el procedimiento.   La cuestión puede quedar resumida diciendo que se presume concluyentemente que las partes se encuentran ante la corte y las únicas excepciones que recordamos son las establecidas por las Leyes de marzo 9, 1911, y marzo 11, 1915, citadas.   Y aun en esos casos puede dudarse si podría

quedar protegido un abogado por alegar que no se le ha hecho una verdadera notificación.

Existe otra consideración importante. Al presentar un abogado una moción interesando una prórroga del término para presentar el pliego de excepciones, o cosa parecida, no tiene éste derecho a suponer que la corte habrá de conceder la moción, o que mientras la considera, puede dicho abogado suspender el trabajo de preparar su pliego de excepciones hasta que la corte decida. Si la corte se niega a conceder una prórroga puede quedarse sin remedio el apelante. Cuando un abogado desea obtener una prórroga de esta naturaleza, la mejor práctica es acudir a la corte con la orden preparada y procurar que la corte actúe inmediatamente y dentro del término fijado en el estatuto. Es una cuestión en que la corte puede actuar *ex parte*, y hasta fuera del local del tribunal.

Si se presentara un caso en el cual solicitara un apelante que se le concediera una prórroga definida razonable y la corte le concediera una indefinida, quizás podría haber algún medio de ayudar al apelante, por lo menos en la corte inferior; pero en este caso el apelante solicitó una prórroga indefinida, obtuvo finalmente una prórroga indefinida y no hizo esfuerzo alguno en la corte inferior para que el error fuera corregido. Este tribunal no puede poner al apelante en condición de poder perfeccionar los autos que de tal modo quedaron incompletos. En este caso como ocurrió también en el de *Belaval* v. *Córdova, Juez de Distrito,* hubo una prórroga absolutamente indefinida y, por tanto, la prórroga sucesiva se concedió sin haber jurisdicción.

La solicitud debe ser denegada.

*Denegada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.