CINTRÓN, DEMANDANTE Y APELADO, *v.* "EL ZENIT", DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 2025.—Resuelto en junio 28, 1920.

NOTIFICACIÓN DEL SECRETARIO A LOS ABOGADOS. — Se presume concluyentemente que las partes se encuentran ante la Corte, y las únicas excepciones que deben tenerse en cuenta en cuanto a notificaciones son las establecidas por las leyes de marzo 9, 1911, y marzo 11, 1915.

COBRO DE PÓLIZA DE ASEGURO—CAUSA DE ACCIÓN — ASEGURO CONTRA ACCIDENTES.—La póliza expedida por una Compañía de Aseguros Mútuos Contra Ac-

cidentes es la ley del contrato y no constando de su contexto que la designación del beneficiario nombrado por la asegurada ante el agente de la compañía y consignado en la petición de aseguro hubiera sido aceptada por la compañía, sólo los herederos legales del socio fallecido tienen derecho al cobro del aseguro, según los estatutos de la compañía.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. M. Benítez Flores.*

Abogado del apelado: *Sr. J. R. Freire.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 17 de noviembre de 1917 el demandante Manuel Cintrón Rodríguez presentó demanda ante la Corte de Distrito de Mayagüez contra la sociedad cooperativa mutua de seguros denominada "El Zenit" en reclamación de la suma de $4,410 intereses, costas, desembolsos y honorarios de abogado y esa demanda fué declarada con lugar por sentencia de 21 de noviembre de 1918 condenando a la demandada a pagar al demandante la suma reclamada con intereses legales desde la interposición de la demanda, más las costas, desembolsos y honorarios de abogado, contra cuya sentencia interpuso la demandada recurso de apelación para ante esta Corte Suprema.

Alega el demandante como hechos determinantes de su acción los siguientes: 1°., que el demandante es el beneficiario de la póliza No. 1831 expedida por la corporación demandada a María Soler Mercader en 2 de enero de 1917; 2°., que la demandada es una sociedad cooperativa mutua de seguros contra accidentes físicos, incorporada con arreglo a las leyes de Puerto Rico, siendo su objeto socorrer pecuniariamente a los asociados en el caso de ocurrirles accidentes físicos, y a sus herederos y beneficiarios en casos de muerte; 3°., que los socios de la sociedad demandada se clasifican y se clasificaron desde antes de la expedición de la póliza en socios de primera y segunda categoría o clase y en el caso de ocurrir la muerte de algún socio de primera categoría la cuota que debe pagar cada uno de los socios restantes de primera categoría a la demandada, para que ésta a su vez

pague a los herederos o beneficiarios es la de dos dólares, y de un dollar para los de segunda categoría; 4°., que María Soler Mercader fué admitida como suscriptora de la sociedad demandada quedando inscrita en la primera categoría y expidiéndosele su correspondiente póliza en dos de enero de 1917; 5°., que María Soler Mercader cumplió todos los requisitos exigidos por la corporación demandada para ingresar como socia de dicha corporación, habiendo en la solicitud de inscripción nombrado al demandante beneficiario de la póliza, lo que aceptó la demandada con anterioridad a la expedición de la misma; 6°., que María Soler Mercader falleció el 13 de abril de 1917 y su muerte fué notificada inmediatamente a la directiva de la asociación; 7°., que al ocurrir el fallecimiento de María Soler Mercader contaba la sociedad dos mil socios de primera categoría y dos mil trescientos de segunda; 8°., que habiendo transcurrido con exceso 70 días desde el fallecimiento de la asegurada y más de sesenta desde que la corporación demandada investigó y comprobó el fallecimiento, la demandada no ha pagado al demandante ni en todo ni en parte la cantidad que le corresponde como seguro, pensión o socorro en concepto de beneficiario de la fallecida, a pesar de las distintas gestiones practicadas a ese fin.

La demanda concluye con la súplica de que sea condenada la demandada a pagar al demandante la suma de $4,410 que tiene derecho a percibir de las cuotas de los socios de primera y segunda categoría, ascendentes a $6,300 de cuya cantidad procede descontar un treinta por ciento para formar el fondo de reserva y para gastos de oficina de la asociación.

A la anterior demanda opuso la demandada como excepción previa la de no aducir hechos suficientes para determinar una causa de acción y a la vez solicitó el traslado del caso a la Corte de Distrito de San Juan, habiéndose negado la solicitud de traslado por orden de 11 de enero de 1918 y declarándose sin lugar la excepción previa por orden de 18

de abril del mismo año, concediendo a la demandada el término de diez días para registrar su contestación.

La demandada, al contestar, la demanda, aceptó la clasificación de socios de primera y segunda clase de la corporación "El Zenit" con la asignación de la cuota de dos dollars para los de primera y de un dollar para los segundos con el fin de socorrer a los que sufrieren accidentes físicos y en caso de muerte a los herederos de los fallecidos, pero no a sus beneficiarios. Niega que el demandante tenga derecho a cobrar la póliza No. 1831. Explica que esa póliza fué expedida a favor de María Soler Mercader por transferencia que de su póliza hizo a favor de ella el socio Joaquín P. Fábregas y que aceptó la demandada el día 10 de abril de 1917 por recomendación de su agente P. Arnaldo Sevilla, cuya póliza. así transferida tiene la misma fecha que tenía la original para que desde tal fecha causara derechos a favor de la adquirente María Soler Mercader; y afirma además, que si tal transferencia. se aceptó el día 10 de abril de 1917, tres días antes de fallecer dicha María Soler Mercader, fué en la creencia de que la Soler Mercader reunía todas las condiciones y requisitos exigidos por la sociedad demandada y en la confianza que tenía en las actuaciones de su agente en Mayagüez, ignorando que dicha transferencia fuera como fué el objeto de una confabulación realizada con el único propósito de defraudar a la sociedad demandada. Como defensa especial alegó la demandada que en 9 de abril de 1917, el entonces agente de la sociedad demandada en Mayagüez, P. Arnaldo Sevilla, remitió a la oficina de la demandada en San Juan una póliza que había sido expedida a favor de Joaquín P. Fábregas, marcada con el No. 1831, solicitando se transfiriera a favor de María Soler Mercader, lo que se hizo en 10 de abril de 1917 sin que en ningún tiempo posterior aparezca María Soler Mercader transfiriendo su póliza a ninguna otra persona y sin que entre sus herederos figure el demandante: Y que de la investigación practicada por la demandada resultó que el día 13 de abril, tres días después

de haberse transferido la póliza a favor de María Soler Mercader, falleció ésta, y según la información y creencia obtenida por la demandada, el traspaso hecho a favor de la Soler Mercader y el de los derechos de ésta a favor del demandante Manuel Cintrón Rodríguez fueron una serie de maquinaciones insidiosas como resultado de una confabulación fraudulenta por virtud de la cual fué inducida la demandada a aceptar el traspaso de la póliza a favor de María Soler Mercader.

El juicio se celebró en 19 de noviembre de 1918 con la sola asistencia de la representación del demandante por no haber comparecido la demandada, y la corte dictó sentencia en 21 de noviembre citado en los términos que ya dejamos indicados.

Los motivos del recurso son en síntesis los siguientes:

1º. Que la corte cometió error al celebrar el juicio sin haberse asegurado de que la demandada estuviera advertida y avisada del señalamiento hecho mediante la correspondiente notificación, dada la circunstancia de que en aquellos días había ocurrido un terremoto que había destruído casi totalmente la ciudad de Mayagüez y especialmente el mismo edificio en que funcionaba la corte, y estando como estaba pendiente de resolver una moción para eliminar la contestación, que no había sido discutida y sin cuya resolución previa no podía irse al fondo del caso.

2º. Insuficiencia de la prueba para justificar la sentencia dictada, la que además es contraria a la ley.

3º. Error cometido por la corte al dictar sentencia señalando una cantidad que resulta excesiva y contraria a la ley y a las pruebas.

4º. Error al dictar sentencia concediendo al demandante las costas, desembolsos y honorarios de abogado, puesto que el juicio se celebró en ausencia de la demandada, sin que se le diera oportunidad para defenderse.

El primer error no existe.

Resulta de la transcripción de autos que en 8 de mayo

de 1918 el demandante presentó una moción para que fuera eliminada la contestación de la demandada, cuya moción sería vista el día 17 del propio mes o tan pronto como pudiera oirla la corte, y que la demandada presentó a su vez otra moción para que se declarara nulo el señalamiento hecho en la moción de eliminación. En otra moción suplicó la demandada a la corte que en el caso de que se desestimara la nulidad del señalamiento, deseaba que la moción de eliminar quedara sometida a la resolución de la corte por sus méritos y por los fundamentos que constaban en el alegato que acompañaba.

.No aparece que ni la moción de eliminación, ni la de la demandada sobre nulidad del señalamiento para discutirla fueran resueltas por la corte. Es de presumirse que la moción de eliminación fué abandonada, o negada. Lo que sí consta del escrito de exposición del caso es que ''el día 19 de noviembre de 1918 se llamó el caso para juicio que fué debidamente señalado en la segunda lectura del calendario civil que tuvo lugar el 25 de octubre de 1918 para el término de octubre y noviembre de 1918, compareciendo el demandante por su abogado y no habiendo comparecido la demandada.''

El señalamiento de día para la celebración del juicio no debía ser notificado a las partes y tampoco debía ser notificada a la demandada en su caso la orden denegatoria de eliminación puesto que no le era perjudicial. Se presume concluyentemente que las partes se encuentran ante la corte y las únicas excepciones que deben tenerse en cuenta en cuanto a la notificación son las establecidas por las leyes de marzo 9, 1911 y marzo 11, 1915. *Guardian Assurance Co., Ltd.,* v. *López Acosta, Juez de Distrito,* 24 D. P. R. 657.

Por lo que atañe al segundo error o sea el de insuficiencia de la prueba para justificar la sentencia, la prueba testifical tiende a demostrar que María Soler Mercader al verificarse a su favor por Joaquín P. Fábregas el traspaso de la póliza que éste tenía nombró ante el agente de la compañía Patricio Arnaldo Sevilla, con el consentimiento de su padre

Santiago Soler, beneficiario de la póliza al demandante Manuel Cintrón Rodríguez; pero entendemos que el mero nombramiento de beneficiario ante el agente a favor de Cintrón Rodríguez necesitaba para producir efectos legales la aceptación de la compañía de la cual Patricio Arnaldo Sevilla era un mero agente y no aparece que la compañía aceptara tal nombramiento de beneficiario, pues lejos de ello se limitó a expedir la póliza a favor de María Soler Mercader sin hacer mención alguna de tal nombramiento de beneficiario.

La póliza dice así:

"Póliza No. 1831.—''El Zenit,'' Sociedad cooperativa mutua contra accidentes físicos, incorporada en 1914.—San Juan, Puerto Rico.— Los suscribientes directores de la sociedad El Zenit certifican: Que Dª. María Soler Mercader, natural de Mayagüez, P. R., ha llenado en todo los requisitos reglamentarios para ser admitida como suscritora de la asociación, quedando inscrita en la primera categoría, comprometiéndose a pagar la cuota de dos dollars en la forma prescrita en el artículo IV del reglamento. De acuerdo con el artículo VIII del mismo por el cual se rige esta asociación, empezará a gozar de los beneficios prescritos en dichos estatutos el día 3 de enero de 1917.—Firmado: P. de Villasante, Presidente.—Firmado: Joaquín Rodríguez, Tesorero.—Hay un sello de la sociedad.''

La póliza cuyo texto literal dejamos transcrito es la ley del contrato y no constando en ella nombramiento de beneficiario debemos atenernos al reglamento de la compañía para determinar sus efectos legales. Dicho reglamento, en su artículo 2º., después de establecer que ''El Zenit'' se fundó para amparar y proteger a sus asociados por medio de socorros y pensiones y de clasificar los accidentes que puedan ocurrir en graves y leves, enumera entre los accidentes graves la muerte y estatuye que ''al no ser ocasionada por el suicidio los herederos legales percibirán el auxilio.'' Dicho artículo no hace mención de otros beneficiarios. El artículo 20, al ordenar la forma en que han de invertirse los recursos de la asociación, ordena que después de deducida una cantidad no menor de treinta por ciento para fondos de reserva, gas-

tos de oficina y generales de la asociación, el resto se des· tinará a seguros y pensiones de los socios accidentados o a sus familiares en casos de muerte. Y el ejemplo demostrativo que se inserta al final del reglamento, al tratar del caso en que ocurriese un accidente entre los socios de la segunda categoría, consigna que la cantidad resultante después de deducir los gastos que prescribe el reglamento corresponde al socio lesionado o a sus familiares, cuando dicho socio hubiere fallecido. Opinamos pues, que a falta de estipulación expresa consignada en la póliza de seguro los herederos legales del socio fallecido o sus familiares son los que tendrían derecho en su caso al cobro de la póliza.

Hemos examinado la Ley No. 22 aprobada en 9 de marzo de 1911 para la formación de asociaciones que no tengan por objeto un beneficio pecuniario y encontramos el artículo 4°. que bajo el epígrafe ''El certificado de incorporación podrá disponer la concesión de ciertos beneficios,'' dice así:

''Art. 4.—Será lícito para las asociaciones organizadas con arreglo a esta Ley, cuando sus artículos de incorporación así lo expresen, disponer lo necesario para el socorro de los socios inválidos o menesterosos o de sus familiares y sostener un fondo para ese objeto, ó contratar con los asociados el pago de alguna cantidad después de su muerte, de acuerdo con las reglas o reglamentos adoptados por tal asociación, y convenir en el pago de la misma al marido, esposa, padre, madre, hijo, hija, hermano, hermana o representante legal del socio, y el beneficiario designado en el contrato tendrá plena facultad para exigir su cumplimiento en la forma que proceda en derecho.''

En el contrato de seguro celebrado por María Soler Mercader y la compañía demandada, cuyo contrato no es otro que el consignado en la póliza No. 1831, no se designó como beneficiario de la póliza al demandante Manuel Cintrón Rodríguez y por tanto carece de facultad legal para exigir su cobro.

Sosteniéndose el recurso por el segundo de sus fundamentos, se hace innecesario discutir el tercero y cuarto.

Es de revocarse la sentencia apelada, absolviendo de la demanda a la demandada, sin especial condenación de costas.

*Revocada la sentencia apelada y absuelta la demandada, sin especial condenación de costas.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no tomaron parte en la resolución de este caso.