RESOLUCIÓN SOBRE RECONSIDERACIÓN, DE FEBRERO 29, 1924.

El Juez Asociado Sr. Wolf emitió la opinión del tribunal.

El documento que acredita los diligenciamientos lleva fecha de radicación de diciembre 7, 1923. Si la apelada deseaba demostrar que estos emplazamientos estaban de hecho ante la Corte de Distrito de Arecibo, debió haberse seguido algún otro método. En nuestra opinión dijimos, "Ni existe ninguna indicación de que se llamara la atención de la corte a los mismos."

Que ningún documento radicado en San Juan después de la resolución de la Corte de Distrito de Arecibo puede hacerse formar parte de estos autos, es una proposición demasiado clara para mayor discusión.

*Denegada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

---

CAMACHO, DEMANDANTE Y APELANTE, *v.* ORTIZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre nulidad de escritura y cancelación de inscripción.

No. 3070.—Resuelto en enero 22, 1924.

DESESTIMACIÓN DE APELACIÓN—SENTENCIA POR DESISTIMIENTO—JUICIO—NOTIFICACIONES.—Los secretarios de las cortes de distrito no tienen el deber de notificar a los litigantes los señalamientos de juicios, por lo que no habiendo comparecido la demandante al juicio previamente señalado el día de la lectura del calendario, procede declarar con lugar una moción de la demandada para que se tenga por desistido al demandante.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. P. Amado Rivera.*
Abogado del apelado: *Sr. P. Fajardo Martínez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La demanda en este pleito fué enmendada por cuarta vez el 13 de septiembre de 1919. El demandado se opuso a ella y en 14 de diciembre de 1922 nosotros revocamos en apelación la sentencia que había dictado la corte de distrito teniendo a la demandante por desistida de su acción y ordenamos que el caso fuera devuelto para ulteriores procedimientos. Una copia certificada de nuestra sentencia fué remitida a la corte inferior el 23 de enero de 1923 y fué unida allí al pleito. En la lectura del calendario civil que tuvo lugar el 10 de marzo de 1923 en la corte de distrito solicitó el demandado el señalamiento del juicio en el pleito, que fué fijado por la corte para el 26 de marzo de 1923. En este día no compareció al juicio la demandante ni abogado en su nombre, haciéndolo el demandado quien solicitó de la corte que por la incomparecencia de la demandante dictara sentencia teniéndola por desistida de su acción. La corte de distrito dictó el 2 de abril de 1923 la sentencia solicitada y contra ella interpuso la demandante este recurso de apelación. Esto es todo lo que aperece de la transcripción de los autos.

No hay precepto alguno en el Código de Enjuiciamiento Civil que imponga a los secretarios de las cortes de distrito el deber de notificar a los litigantes los señalamientos que la corte hace para juicio, porque la ley supone que están pendientes del curso de sus asuntos. Por esto, habiendo sido hecho el señalamiento de juicio en este pleito en corte en la lectura del calendario civil, la demandante tuvo en esa forma conocimiento de dicho señalamiento y no habiendo comparecido a él, el demandado estaba autorizado por el artículo 192, núm. 3, del Código de Enjuiciamiento Civil para solicitar que se declarara a la demandante desistida de su pleito, y la corte estaba facultada para dictar esa sentencia.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.

---

J. Casablanca, S. en C., y Rivera, Demandantes y Apelantes, *v.* The Palatine Insurance Co., Limited, Demandada y Apelada.

Apelaciones procedentes de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

Nos. 2827 y 2826.—Resueltos en enero 24, 1924.

Cobro de Póliza—Demanda Prematura—Seguros contra Incendio—Prueba del Valor de la Propiedad Destruída.—Ni la valoración de la propiedad ni la fijación de un límite máximo de responsabilidad en una póliza de seguro contra incendio pueden tomarse como la fijación del importe que ha de pagar la compañía, aún en el caso de una pérdida total, y generalmente la responsabilidad de la compañía depende del montante de la pérdida y se determina después que ésta ha ocurrido mediante informes y comprobantes suministrados por el asegurado.

Los hechos están expresados en la opinión.

Abogado de las apelantes: *Sr. A. A. Vázquez.*

Abogado de la apelada: *Sr. M. Gaetán Barbosa.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En cada uno de estos casos la demandante establece la apelación contra una sentencia que declara sin lugar la demanda, e insiste en que la corte inferior incurrió en error en la apreciación de la prueba.

En ambos casos la compañía demandada alegó no haberse cumplido con el artículo 10 de la póliza, el cual es como sigue:

"Artículo 10.—Inmediatamente que se declare un siniestro que