JOAQUÍN BONILLA, demandante y apelado, *v.* JOSEFA ECHEANDÍA ARTEAGA y CARMELA CHARÓN, demandadas y apelantes.

No. 3580.—*Visto:* Abril 15, 1925.    *Resuelto:* Junio 5, 1925.

1: APELACIÓN Y ERROR—ALEGATOS—SEÑALAMIENTO DE ERRORES—DISCUSIÓN.—En un alegato deben primero señalarse todos los errores y luego discutirse separadamente.

2. REIVINDICACIÓN—JURISDICCIÓN, PARTES, DILIGENCIAS (*Process*) Y PROCEDIMIENTOS INCIDENTALES—JURISDICCIÓN DE LAS CORTES DE DISTRITO.—Una corte de distrito tiene jurisdicción para conocer de una demanda en que se reivindican dos casas que, según dicha demanda y la prueba, valían respectivamente $550 y $500 cada una, aún cuando ellas fueron compradas por $175.

3. JUICIO—"DOCKETS", LISTAS Y CALENDARIOS—SEÑALAMIENTOS—NOTIFICACIÓN.—Cuando el señalamiento para juicio se hace al leerse el calendario, no es necesario notificarlo a las partes.

4. REIVINDICACIÓN—ALEGACIONES (*Pleadings*) Y EVIDENCIA—DEMANDA—SUFICIENCIA DE LA MISMA.—Es suficiente una demanda en reivindicación de unas fincas que alega que el demandante es dueño de las fincas que en ella se describen y que el demandado las ocupa ilegalmente contra la voluntad del demandante.

5. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHOS, VEREDICTOS Y CONCLUSIONES—APRECIACIÓN DE LA PRUEBA.—Examinada la evidencia en este caso, *se resolvió:* que la corte sentenciadora no cometió error al apreciarla.

6. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—IMPOSICIÓN DE COSTAS.—La imposición de costas no será revocada en apelación si no se demuestra que hubo abuso de discreción.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), declarando con lugar la demanda, con costas.    *Confirmada.*

*Víctor P. Martínez González,* abogado de las apelantes; *José C. Rivera,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Joaquín Bonilla entabló demanda en la Corte de Distrito

de Aguadilla en reivindicación de dos fincas urbanas y reclamación de frutos civiles y daños y perjuicios. Las demandadas excepcionaron la demanda. Las excepciones fueron declaradas sin lugar concediéndose a las demandadas diez días para presentar su contestación, que archivaron por último y que contiene una· negación de que el demandante sea dueño de las casas que reclama y materia nueva exponiendo que las demandadas son las verdaderas dueñas por haberlas adquirido en subasta pública.

Quedó paralizado el pleito por algún tiempo. Solicitado señalamiento de la vista, se fijó para el 19 de agosto, 1924. Compareció el demandante. Las demandadas no. Se practicó la prueba ofrecida por el demandante y la corte dictó sentencia declarando la demanda con lugar.

No conformes las demandadas apelaron señalando en su alegato cinco errores cometidos por la corte, 1, al actuar sin jurisdicción; 2, al celebrar la vista sin estar el caso listo; 3, al desestimar la excepción previa de falta de hechos; 4, al declarar probados los hechos de la demanda, y 5, al imponer las costas.

[1] El alegato no contiene un debido, señalamiento de errores. Se señala el error y se discute en seguida, y así sucesivamente. Con ello no se cumplen las reglas 42 y 43 del Reglamento de este tribunal. Deben primero señalarse todos los errores y luego discutirse separadamente uno a uno. Debido al exceso de trabajo de esta corte, cada vez se hace más necesario que los abogados presenten sus casos cumpliendo con las reglas de la corte ideadas para la más justa, clara, rápida y fácil resolución de los asuntos.

[2] Se sostiene la falta de jurisdicción de la corte de distrito para conocer originalmente del pleito, porque las casas de cuya reivindicación se trata fueron compradas por el propio demandante en $175. En la demanda se alega que cada una de las casas valía $550 y en el juicio declaró el testigo José C. Rivera que valían $500 cada una habiendo rentado siempre cada una· más de siete dólares al mes. Ade-

más se reclaman $200 por daños y perjuicios. Lo expuesto basta para concluir que no tienen razón las apelantes. El hecho de que una finca se compre por determinada suma no implica necesariamente que ése sea su justo valor. Es un dato que puede y debe tenerse en cuenta para determinar el valor, pero no excluye otra prueba.

[3] Tampoco se ha cometido el segundo de los errores señalados. Cuando el señalamiento de la vista de un pleito se hace al leerse el calendario, no es necesario notificarlo a las partes. Los litigantes que tienen asuntos pendientes, deben estar al tanto de las lecturas del calendario. Habiendo las demandadas formulado finalmente su contestación, quedó trabada la contienda de hecho y de ley y el caso listo para la vista. El que la parte demandante dejara transcurrir más de un año sin pedir el señalamiento, no implica necesariamente que abandonara el pleito. La parte demandada pudo actuar por su propio acuerdo y pedir el señalamiento.

[4] Hemos examinado la demanda y en ella se aducen a nuestro juicio hechos suficientes para determinar la causa de acción ejercitada. Se alega que el demandante es dueño de las casas que se describen por haberlas comprado a su dueño anterior por documento privado ratificado luego por escritura pública. Y se alega además que las demandadas contra la voluntad del demandante ocupan ilegalmente dichas casas y sin derecho alguno para ello vienen cobrando sus rentas.

[5] La prueba fué documental y testifical. Por medio de testigos no impugnados y creídos por la corte se probó el contrato privado de compra y por medio de la escritura pública otorgada al efecto su ratificación. Se probó además que desde el contrato privado el demandante cobró las rentas de las casas que los inquilinos se negaron luego a pagarle cuando se adjudicaron las casas a las demandadas.

Sucedió que las demandadas iniciaron un pleito en cobro de dinero contra el primitivo dueño de las casas. Dic-

tada sentencia a su favor para ejecutarla embargaron dichas casas y anunciada luego su venta en pública subasta le fueron adjudicadas en pago de su crédito. El embargo no se inscribió en el registro y fué posterior al contrato privado de venta y a la toma de posesión de las casas por el demandado. La adjudicación se hizo después de haberse otorgado la escritura pública ratificando el contrato privado.

Bajo las circunstancias la prueba debe estimarse suficiente, no habiendo cometido error la corte al apreciarla.

[6] Del examen de los autos y de lo que dejamos expuesto no puede concluirse que el juez sentenciador abusara de su discreción al imponer las costas.

*Debe confirmarse la sentencia apelada.*