GASPAR ESPADA, demandante y apelante, *v.* SUCN. DE ANTONIO TORRES COLÓN, demandada y apelada.

Núm. 7313.—*Sometido:* Junio 18, 1937. *Resuelto:* Julio 7, 1937.

*José F. Fernández Segarra,* abogado del apelante; *Manuel A. Rivera,* abogado de la apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El demandante alega que él era dueño de tres fincas rústicas, de siete, doce y tres cuerdas, respectivamente; que para satisfacer una sentencia obtenida en su contra por el causante de los demandados, éste obtuvo mandamiento de ejecución, el cual se hizo efectivo mediante venta en pública subasta de las tres mencionadas fincas, las que fueron adjudicadas al mismo acreedor por la suma de $450; que desde antes de iniciarse el pleito en que fué dictada la sentencia contra el demandante, éste tenía establecido su hogar seguro (*homestead*) sobre la finca de siete cuerdas, en la cual vivía como jefe de familia en unión de su esposa y de una hija; y que ha continuado hasta el presente ocupando dicha finca como tal *homestead,* sin haber renunciado su derecho en forma alguna. En la demanda se pide que se declare que el demandante tiene un derecho de *homestead* sobre la finca de siete cuerdas; que si dicha finca no tuviere un valor de $500 se declare que el derecho del actor se extiende a las otras dos fincas; y que si ninguno de los predios tuviere el valor de $500 y todos juntos valieren más de esa suma, se condene a la sucesión demandada a pagar al demandante la cantidad de $500, más las costas.

Los demandados negaron específicamente que el demandante haya tenido establecido su hogar seguro en la finca de siete cuerdas, antes o después de la ejecución y venta de las tres fincas; que la ocupación de la finca por el demandante haya continuado hasta el presente; y que el demandante sea un jefe de familia con familia a su cargo.

Como materia nueva de oposición a la demanda alegaron los demandados que el demandante compró las tres fincas por $707.41; que para que el demandante pudiera satisfacer el precio convenido, don Antonio Torres Colón, causante de los demandados, le facilitó en calidad de préstamo la suma de $700; que pocos días después de haber adquirido dichas fincas el demandante las hipotecó a Torres Colón en garantía

de los $700 que éste le había prestado; que el crédito hipotecario fué ejecutado, dictándose la sentencia a virtud de la cual se procedió a la venta de las fincas y a su adjudicación a los demandados. Y por vía de contrademanda, los demandados solicitaron sentencia contra el demandante por $79.10, importe de contribuciones impuestas a las tres fincas por el año fiscal 1929-1930 y no satisfechas por el demandante, y por $400 como valor de frutos que se alega fueron fraudulentamente recolectados por el demandante en las tres fincas, después de haber sido éstas adjudicadas a los demandados. Negados por el demandante los hechos esenciales de la contrademanda, fué el pleito a juicio.

La Corte Municipal de Coamo dictó sentencia desestimando la demanda y declarando sin lugar la contrademanda. No conforme el demandante apeló. Señalada la vista de la apelación ante la corte de distrito para el día 21 de enero de 1936, por estipulación escrita de las partes, comparecieron los demandados, más no así el demandante y apelante. Solicitaron entonces los demandados que se tuviese al demandante por desistido de su acción y a los demandados por desistidos de su contrademanda. Y así lo decretó la corte inferior, imponiendo las costas al demandante.

En 24 de febrero de 1936, el demandante radicó una moción solicitando la reconsideración de la orden por la cual se le dió por desistido de la demanda, por abandono. Alega en dicha moción que su abogado, Lic. Angel de Jesús Matos y el abogado de los demandados, estipularon por medio de una moción que el juicio se celebraría el 21 de enero de 1936, y que en dicha moción los dos abogados se dieron por notificados de dicho señalamiento, por lo cual el secretario de la corte de distrito no envió notificación alguna ni a los abogados ni a las partes; que el demandante nunca fué avisado de tal señalamiento, ni por su abogado ni por el secretario de la corte, y que si hubiese tenido conocimiento del mismo él hubiese comparecido a sostener su demanda con su abogado Sr. De Jesús Matos o asistido de un nuevo abogado. En

apoyo de la moción se presentó un *affidavit* de méritos, suscrito por el demandante, en el que éste hace constar que ha expuesto los hechos del caso a su nuevo abogado, Lic. José I. Fernández Segarra, quien es de opinión que la ley y los hechos están a favor del demandante y en contra de los demandados, y que al demandante le asiste una buena y probable causa de acción. La moción fué declarada sin lugar por el fundamento de que el demandante no había mostrado razones suficientes para que la corte pudiese ejercitar su discreción. El demandante apeló.

 La Ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, aprobada en marzo 11 de 1908 (Código de Enjuiciamiento Civil, pág. 136), dispone:

"Artículo 3.— . . . Si el demandante dejare de comparecer ante la Corte de Distrito, ésta desestimará la demanda por abandono de la acción, y dictará sentencia a favor del demandado, imponiendo las costas al demandante."

El secretario de la corte de distrito no está obligado a notificar a los litigantes los señalamientos de juicios. Véanse: *Altuna* v. *Ortiz et al.*, 11 D.P.R. 25; *Camacho* v. *Ortiz*, 32 D.P.R. 676; *Bonilla* v. *Echeandía*, 34 D.P.R. 333. Y esta Corte Suprema ha decidido también que la notificación de la lectura del calendario y de la fecha de los señalamientos a los abogados no es un requisito estatutario. Véanse: *Cubano* v. *Jiménez*, 32 D.P.R. 167; *Cintrón* v. *"El Zenit"*, 28 D.P.R. 687 y *Guardian Assurance Co.* v. *López Acosta*, 24 D.P.R. 637.

El señalamiento en el caso de autos se hizo por convenio expreso y por escrito de los abogados de las partes litigantes, con la aprobación de la corte. Al darse por notificados, los citados abogados renunciaron a cualquier derecho que pudieran tener para que se les notificara el señalamiento. Y esa renuncia obligaba a sus respectivos clientes. Véase: Sección 9, "Ley determinando reglas para el ejercicio de la profesión de abogado en Puerto Rico," aprobada en abril 13,

1916 (Leyes de 1916, núm. 38, pág. 92). La Corte de Distrito no cometió error al desestimar la demanda por abandono.

■■ La moción para que una sentencia sea reconsiderada va siempre dirigida a la sana discreción de la corte sentenciadora. Y esa discreción sólo puede ser revisada en apelación cuando de los autos resultare patente que se había cometido un abuso de discreción. La declaración de hechos probados que aparece en la sentencia dictada por la Corte Municipal y la insuficiencia del *affidavit* de méritos sometido en apoyo de la moción de reconsideración, justifican a nuestro juicio la resolución de la corte de distrito negándose a reconsiderar su sentencia. No hubo abuso de discreción. *Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.