CIRILA VERDEJO PEÑA, demandante y apelante, *v.* HENRY G. MOLINA, demandado y apelado.

Núm. 7355.—*Sometido:* Diciembre 21, 1937. *Resuelto:* Enero 13, 1938.

*Rosendo Cordero Rodríguez,* abogado de la apelante; *Santiago de la Fuente,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Cirila Verdejo y Peña presentó demanda de reivindicación en la que alega que es dueña de una finca de cuatro cuerdas y veinticinco céntimos de otra, la que adquirió por herencia de Pedro Arroyo; que el demandado posee dicha finca sin el consentimiento, sin la autorización y en contra de la expresa voluntad de la demandante; y que ésta es la única y legítima dueña del inmueble, sobre el cual tiene verdadero

título. El demandado contestó negando todas y cada una de las alegaciones de la demanda.

Señalado el caso para juicio el día 15 de junio de 1936, compareció solamente el demandado, quien solicitó de la corte que le permitiera presentar su evidencia a fin de obtener una sentencia sobre los méritos del caso. La corte sentenciadora, en su relación del caso y opinión, sintetiza la prueba documental ofrecida por el demandado, en la forma siguiente:

"En el Registro de la Propiedad de San Juan se inscribió el día 6 de junio de 1899 una finca de 7 cuerdas a favor de Pedro Arroyo Verdejo; en el mismo año éste segregó y vendió 11,000 metros cuadrados, quedando entonces una finca o parcela de 4 cuerdas 25 céntimos, que es la que se describe en la demanda; en diciembre de 1912, Pedro Arroyo y su esposa Petronila Verdejo vendieron la finca inscrita a los cónyuges Catalina Casenave y Adolfo Arrastia, quienes en mayo 5 de 1913 constituyeron un gravamen hipotecario sobre la misma a favor de William H. Hylan. En 1915 la Corte de Distrito de San Juan anuló la venta hecha a favor de los esposos Arrastia-Casenave, pero dejó subsistente la hipoteca constituída por ellos a favor de Hylan. En junio 4 de 1915, los esposos Arroyo y Verdejo vendieron la mitad pro indiviso de la finca a Thomas T. Mott, y éste en 1915 la hipotecó a don José D. Riera. En 1918 Petronila Verdejo y Cirila Verdejo inscribieron la mitad pro indiviso de la finca a su favor por herencia testamentaria de Pedro Arroyo, y en junio del mismo año hipotecaron dicha mitad a la sociedad 'Viejo & Rodríguez,' para garantizarles un préstamo de $2,500.00. 'Viejo y Rodríguez' cedieron su crédito a Henry G. Molina el día 24 de marzo de 1920 por el importe del mismo, o sea $2,500, y en abril 17 de 1920, el márshal de este Tribunal adjudicó la totalidad de la finca a William H. Hylan en el caso civil núm. 12,395, sobre ejecución de hipoteca. En mayo 10 de 1920 Hylan vendió la finca a Molina, quien desde esa fecha, según aparece del Registro de la Propiedad, la viene poseyendo sin interrupción alguna y de modo quieto y pacífico.

"De esta relación cronológica de las distintas vicisitudes por que ha pasado la finca desde la fecha de su inscripción, es evidente que cuanto derecho pudiera corresponder a la demandante como heredera de don Pedro Arroyo Verdejo en la mitad de la finca que éste conservaba para la fecha de su defunción fué perdido como consecuencia de la venta judicial celebrada en el procedimiento eje-

cutivo sumario establecido por don William H. Hylan. Es significativo también que posteriormente a la inscripción de este crédito hipotecario, la demandante en unión de su coheredera doña Catalina Verdejo, obtuvieron la suma de $2,500 en garantía de la cual hipotecaron a la sociedad 'Viejo & Rodríguez' la que a su vez cedió el crédito a favor de Molina. Aparece de todo esto que Molina tuvo que adquirir todos los créditos que garantizaban la finca, a fin de poder asegurar la cantidad por que adquirió el crédito de 'Viejo & Rodríguez.' ''

Declarada sin lugar la demanda, la demandante apeló. Alega en su escrito de apelación que no está conforme con la sentencia ''porque existen pruebas que no han sido presentadas, que justifican el derecho a la reivindicación presentada por esta demandante.''

■■ La parte apelante ha radicado en la Secretaría de esta Corte Suprema, para ser unida a los autos, una copia certificada de una moción radicada por ella en la Corte de Distrito de San Juan, en 16 de noviembre de 1936, o sea cerca de cinco meses después de habérsele notificado la sentencia y exactamente cuatro meses después de haberse radicado ante esta Corte Suprema la transcripción de autos. En dicha moción la demandante apelante pide al tribunal inferior que en uso de la discreción que le concede el Artículo 140 del Código de Enjuiciamiento Civil revoque la sentencia dictada en 19 de junio de 1936 y le conceda un nuevo juicio. Los fundamentos de la moción son que el abogado de la demandante cayó enfermo; que en los últimos días del mes de junio fué cuando el abogado se enteró por primera vez de que el juicio se había celebrado el 15 de dicho mes; que el señalamiento del juicio a espaldas y sin conocimiento de la demandante ni de su abogado constituye una sorpresa para ambos; que al recibir la noticia de haberse dictado sentencia, el abogado trató de comunicarse con el juez que la dictó para informarle de los hechos y de las razones que tuvo para no comparecer a la vista del caso, pero no pudo efectuarlo por encontrarse ausente dicho juez; y que en vista de esos hechos la deman-

dante no tuvo otro camino que optar por establecer el recurso de apelación contra la sentencia. Se alega además en la moción, que la sentencia es nula por haber sido obtenida por sorpresa, aprovechándose de la enfermedad del abogado de la demandante; que ni ésta ni su abogado fueron notificados del señalamiento del juicio ni de la sentencia dictada; y que el abogado no fué nunca notificado de la sentencia, ni personalmente ni por escrito. Del récord ante nos no aparece cuál haya sido la resolución del tribunal inferior sobre la citada moción.

Esta Corte Suprema ha resuelto en numerosas decisiones que ni el secretario de la corte inferior, ni el abogado de la parte adversa están obligados a notificar a la otra parte el señalamiento de un caso para juicio. Véanse: *Gallardo* v. *Crescioni*, 49 D.P.R. 368; *Cubano* v. *Jiménez et al.*, 32 D.P.R. 167; *Santalís* v. *"El Zenit"*, 28 D.P.R. 695; *Cintrón* v. *"El Zenit"*, 28 D.P.R. 687.

Del récord elevado a esta corte por el propio apelante aparece que la sentencia apelada fué notificada al abogado de la demandante el 22 de junio de 1935. Niega dicho abogado haber recibido tal notificación, pero admite en su moción que se enteró en uno de los últimos días de dicho mes de que el juicio se había celebrado y de que se había dictado sentencia en su contra. No fué diligente la parte apelante, pues pudiendo haber pedido la reconsideración de la sentencia tan pronto como tuvo conocimiento de ella, no lo hizo hasta cinco meses más tarde.

El artículo 140 del Código de Enjuiciamiento Civil invocado por el apelante como fundamento de su moción concede a la corte sentenciadora la facultad discrecional de suspender los efectos de su propia sentencia. Esta Corte Suprema interviene solamente para corregir cualquier abuso de esa discreción. El presente recurso no ha sido establecido con el propósito de corregir un abuso de discreción, pues no hay

constancia en los autos de que la corte inferior haya declarado sin lugar la moción de reconsideración.

*Debe confirmarse la sentencia recurrida.*

Los Jueces Asociados Señores Hutchison y Córdova Dávila no intervinieron.