Rubio et al., Demandantes y Apelantes, *v.* Mayagüez Auto Garage, Inc., Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Mayagüez de una orden abriendo la rebeldía en un caso de indemnización de daños por negligencia.

No. 1105.—Resuelto en abril 8, 1914.

Discreción del Tribunal—Abuso de Discreción.—Cuando la ley concede a un tribunal poder discrecional para ejecutar algún acto, los tribunales superiores no revocarán esa decisión tomada en ejercicio de ese poder, si no se demuestra suficientemente que al hacerlo abusó de la facultad que la ley le ha concedido.

Anotación de Rebeldía—Apertura de la Rebeldía—Discreción del Tribunal.—
    Atendidas las circunstancias de este caso se resolvió que el tribunal inferior
    no abusó de su facultad discrecional al abrir la rebeldía anotada en este caso.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Benjamin J. Horton* y *José Ramón Freyre.*

Abogado del apelado: *Sr. José de Diego.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La apelación que motiva este recurso ha sido interpuesta contra una resolución del Tribunal de Distrito de Mayagüez que exime al demandado de los efectos de una sentencia contra él registrada en rebeldía y que le permite presentar su contestación a la demanda.

La demandada había formulado una excepción previa a la demanda que le reclama $20,000 como indemnización de daños y perjuicios por negligencia, y habiendo la demandante obtenido después permiso para enmendar su alegación, retiró la demandada su excepción y el tribunal le concedió 30 días para que presentara su contestación. Al día siguiente de transcurrido este término sin que la hubiera presentado, a instancia del demandante anotó el secretario la rebeldía del demandado, y un día después registró una sentencia en rebeldía por la cantidad reclamada.

Como esa sentencia ha sido dejada sin efecto por el tribunal inferior no consideraremos en este caso si el secretario puede en un pleito de la naturaleza del presente registrar ministerialmente una sentencia contra el demandado y nos limitaremos a la cuestión propuesta que es, la de si el tribunal inferior abusó de su poder discrecional en la resolución apelada.

Al resolver el Tribunal de Distrito de Mayagüez en este caso en la forma en que lo hizo se basó en una moción del demandado presentada dos días después de la sentencia y varias declaraciones juradas acompañadas con ella, y en la

contestación a la demanda que también le presentó. De todos estos documentos, ninguno de los cuales ha sido impugnado por medio de declaraciones juradas, resulta que residiendo en San Juan el abogado que había de contestar la demanda la redactó y puso bajo sobre el día antes de vencerse el término para presentarla y entregó el pliego que la contenía a un empleado suyo para que lo pusiera en el correo debidamente franqueado para ser entregado al Sr. Moscoso de Mayagüez, que había de recoger en ese ciudad el juramento de la contestación y presentarla al tribunal, pero que por un accidente imprevisto dicho pliego se le extravió a la persona que había de ponerlo en el correo. También resulta de la declaración jurada del abogado, y de la propia contestación, que el demandado tiene una buena defensa en este pleito.

El artículo 140 del Código de Enjuiciamiento Civil permite que un tribunal pueda discrecionalmente eximir a una parte de una sentencia o de cualquier otro procedimiento tomado contra ella siempre que haya habido negligencia excusable y también que presente una contestación después del tiempo fijado por la ley.

En vista de los hechos que ocurrieron en este caso entendemos que el tribunal inferior ejercitó propiamente su facultad discrecional y como no vemos, ni se nos ha demostrado, que haya abusado de ese poder, no revocaremos su decisión.

Cuando la ley concede a un tribunal poder discrecional para ejecutar algún acto, los tribunales superiores no revocarán esa decisión tomada en ejercicio de ese poder, si no se demuestra suficientemente que al hacerlo abusó de la facultad que la ley le ha concedido.

Es mejor práctica permitir a las partes que se defiendan y resolver las cuestiones oyéndolas, que no la de sostener sentencias dictadas en rebeldía, cuando se demuestra que el descuido en cumplir la Ley de Procedimientos ha sido excu-

sable y no debido al deseo de entorpecer y demorar la cuestión litigiosa.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.