SANTALÍS ET AL., DEMANDANTES Y APELADOS, *v.* "EL ZENIT", DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 2026.—Resuelto en junio 28, 1920.

NOTIFICACIONES—SEÑALAMIENTOS—CALENDARIO.—Los señalamientos de juicios no hay que notificarlos a nadie cuando se hacen en el calendario regular de la corte. Se presume concluyentemente que las partes se encuentran ante la corte y las únicas notificaciones que son necesarias son las establecidas por las leyes de marzo 9, 1911, y marzo 11, 1915.

COBRO DE DINERO—ALEGACIÓN NECESARIA—DEMANDA CONTRA COMPAÑÍAS DE ASEGUROS MÚTUOS.—No alegándose en la demanda cuántos fueron los socios de primera categoría, ni cuántos los de segunda categoría, que tenía la sociedad de seguros mutuos demandada al ocurrir el fallecimiento del causante de los demandantes, falta base para fijar la cantidad que deba satisfacer la demandada en pago de la póliza, pues su montante ha de regularse por las distintas cuotas que satisfagan unos y otros socios.

SENTENCIA DICTADA ESTANDO PENDIENTE DE APELACIÓN UNA ORDEN DENEGATORIA DE TRASLADO—EFECTOS LEGALES DE LA REVOCACIÓN DE DICHA ORDEN.—El recurso de apelación contra una orden denegatoria de traslado no suspende el procedimiento principal pero éste queda sujeto al resultado del mismo, de manera tal que si aquella orden fuese revocada, la actuación posterior a su fecha no surte efectos legales.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. M. Benítez Flores.*

Abogado de los apelados: *Sr. A. A. Vázquez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha seis de julio de 1918 los demandantes presen-

taron demanda ante la Corte de Distrito de Mayagüez contra la sociedad cooperativa mutua de seguros denominada "El Zenit," en reclamación de la suma de siete mil novecientos noventa y cuatro dólares, intereses legales desde la fecha de la demanda, costas, desembolsos y honorarios de abogado a cargo de la demandada y esa demanda fué declarada con lugar por sentencia de 21 de noviembre del mismo año condenando a la demandada a pagar a los demandantes la suma de $5,595.80, intereses legales desde la interposición de la demanda más las costas, desembolsos y honorarios de abogado, contra cuya sentencia interpuso la demandada recurso de apelación para ante esta Corte Suprema.

Alegan los demandantes como hechos determinantes de su acción los siguientes: 1°., que la demandada es una sociedad cooperativa mutua de seguros, constituída con arreglo a las leyes de Puerto Rico, siendo su objeto socorrer pecuniariamente a los asociados en el caso de ocurrirles algún accidente físico, y en el caso de muerte de uno de ellos socorrer pecuniariamente a los herederos de éste; 2°., que los socios de la corporación demandada están clasificados en primera y en segunda clase, y en el caso de ocurrir la muerte o algún accidente a un socio de primera clase, la cuota que debe de pagar la corporación demandada al accidentado o en caso de muerte de un socio a los herederos de éste, es la de dos dólares por cada socio que tuviera la sociedad en el momento del accidente o muerte; 3°., que Candelaria Lequerica era desde 10 de enero de 1917 y fué hasta igual día y mes del año siguiente socia de primera categoría de la demandada y pagó a ésta su cuota de ingreso y cumplió con todas las demás obligaciones que como tal socia le correspondía, llevando la póliza de seguro extendida a su favor el número 1860; 4°., que Candelaria Lequerica falleció el día 10 de enero de 1918 y su fallecimiento fué comunicado inmediatamente a la corporación demandada; 5°., que en la fecha en que ocurrió el fallecimiento de Candelaria Lequerica la corporación demandada tenía tres mil novecientos noventa

y siete socios; 6°., que Candelaria Lequerica, en el momento de su muerte, era viuda y falleció abintestato, dejando como únicos y universales herederos a sus seis hijos legítimos nombrados Luisa, Isaac, Mérida, Georgina, José y Francisca Santalís y Lequerica que son los demandantes; 7°., que habiendo transcurrido con exceso más de setenta días de haber la demandada investigado y comprobado la muerte de Candelaria Lequerica, la demandada, a pesar de los requerimientos privados que le hicieron, no ha pagado a los demandantes, sus herederos, en todo ni en parte, los $7,994 a que asciende el importe de la póliza de seguro.

A la anterior demanda opuso la demandada como excepción previa la de no aducir hechos suficientes para determinar una causa de acción y a la vez solicitó el traslado del caso a la Corte de Distrito de San Juan, cuya solicitud fué declarada sin lugar por orden de 15 de agosto de 1918, contra cuya resolución interpuso la demandada recurso de apelación para ante esta Corte Suprema; y la misma corte, por otra orden posterior de seis de septiembre del mismo año desestimó la excepción previa y concedió a la demandada diez días para registrar su contestación.

La demandada, al contestar la demanda, aceptó la clasificación de socio de primera y segunda clase establecida en la demanda y que a favor de Candelaria Lequerica fué extendida la póliza No. 1860, pero afirma que la asociación no tiene el deber de pagar los accidentes ocurridos sino que se obliga a notificar éstos a sus asociados para que paguen sus cuotas y con la cantidad recaudada, previa deducción del tanto por ciento reglamentario, se paga el accidente, afirmando además que Candelaria Lequerica no era socio de ''El Zenit'' el 10 de enero de 1918 por habérsele dado de baja con anterioridad a esa fecha, de acuerdo con las disposiciones del reglamento. Niega que el número de socios efectivos de la sociedad en la fecha en que murió Candelaria Lequerica fuera de 3,997 y por falta de suficiente información que hubiera sido socia de primera categoría pagando su cuota

de ingreso y cumpliendo hasta el día 10 de enero de 1918 con todas las obligaciones que como tal socia le correspondían y también por no tener suficiente información, que Candelaria Lequerica falleciera en 10 de enero de 1918, dejando como únicos herederos a los demandantes y que su fallecimiento fuera comunicado inmediatamente a la corporación demandada: Y alega finalmente que la asociación no tenía que hacer investigación ni comprobación de la muerte de Candelaria Lequerica, porque ésta había dejado de ser socia de "El Zenit" con anterioridad a la fecha de su muerte, ni tampoco estaba obligada a pagar cantidad alguna por dicha muerte.

El juicio se celebró en 19 de noviembre de 1918 con la sola asistencia de la representación de los demandantes por no haber comparecido la demandada y la corte dictó sentencia en 21 de noviembre citado en los términos que al principio dejamos indicados.

Los motivos del recurso son en síntesis los siguientes:

1°. Que la corte cometió error al celebrar el juicio sin haberse asegurado de que la demandada estuviera advertida y avisada del señalamiento hecho mediante la correspondiente notificación, dada la circunstancia de que en aquellos días había ocurrido un terremoto que había destruído casi totalmente la ciudad de Mayagüez y especialmente el mismo edificio en que estaba situada la corte; y estando como estaba pendiente de señalamiento y de discusión una moción de los demandantes para que se dictara sentencia sobre las alegaciones, para cuya discusión se había señalado el día 11 de octubre de 1918, precisamente el mismo día en que ocurrieron los terremotos.

2°. Insuficiencia de la prueba para justificar la sentencia dictada, que es contraria a la ley, entre otras razones, por no haberse demostrado satisfactoriamente el número de socios que tenía la demandada al ocurrir el fallecimiento de Candelaria Lequerica.

3°. Que la corte cometió error señalando una cantidad que resulta excesiva y contraria a la ley y a las pruebas, y al

condenar a la demandada a pagar la suma de $5,595.80 con intereses legales desde la interposición de la demanda, más las costas, desembolsos y honorarios de abogado, sin descontar el treinta por ciento a que se refiere el reglamento y sin que procediera la condena de costas, honorarios y desembolsos cuando la demandada no había comparecido al juicio.

En cuanto al primer error resulta de la transcripción de autos que en 30 de septiembre de 1918 los demandantes presentaron moción a la corte, que había de ser oida el día 11 de octubre siguiente, para que dictara sentencia por las alegaciones de las partes, declarando con lugar la demanda, fundándose en que ésta había sido debidamente jurada y la contestación no controvertía los hechos esenciales de la misma, en que la contestación era evasiva, insuficiente y especiosa, y en que la contestación no contiene materia de oposición o de defensa, ni de reconvención o contrademanda. No aparece que esa moción fuera discutida ni resuelta y sí "que el día 19 de noviembre de 1918 se llamó el caso para juicio, que fué debidamente señalado en la segunda lectura del calendario civil que tuvo lugar el 25 de octubre de 1918, compareciendo el demandante por su abogado y no habiendo comparecido la demandada."

Es de presumirse que la moción para dictar sentencia sobre las alegaciones fué abandonada por los demandantes o declarada sin lugar por orden de la corte, pero ni esa orden que favorecía a la demandada ni la notificación del señalamiento de día para el juicio, tenían que serle notificados por las razones que ya expusimos al resolver el caso de *Guardian Assurance Co., Ltd.,* v. *López Acosta, Juez de Distrito,* 24 D. P. R. 637. Se presume concluyentemente que las partes se encuentran ante la corte y las únicas excepciones que deben tenerse en cuenta respecto a notificación, son las establecidas por las leyes de marzo 9, 1911 y marzo 11, 1915.

Los señalamientos de juicios, como bien dice la parte apelada, no hay que notificarlos a nadie cuando ellos se hacen en el calendario regular de la corte. Las partes deben estar

pendientes de sus asuntos y concurrir a la corte el día seña-
lado para la lectura del calendario, y si así no lo hacen, deben
ellas mismas culparse de su propio descuido. El que en
Puerto Rico hubiera ocurrido un terremoto el 11 de octubre
de 1918 no es motivo suficiente para que la Corte de Distrito
de Mayagüez no señalara la segunda lectura del calendario
para el día 25 de dicho mes. Dicha corte procedió con toda
diligencia al señalar como señaló el 19 de noviembre de 1918
para la celebración del juicio de este asunto; entre la fecha
del calendario y la del juicio transcurrió bastante tiempo
para que la demandada pudiera enterarse y concurrir a dicho
juicio.

Por lo que atañe al segundo motivo del recurso, no hay
en la demanda indicación alguna de cuántos fueron los socios.
de primera categoría ni de cuántos fueron los de la segunda,
pues el demandante sólo alega que en la fecha de la muerte
de Candelaria Lequerica había en la sociedad 3,997 socios y
el testigo Ventura Rivera, único que declara sobre el parti-
cular, hace igual afirmación sin expresar cuántos eran los so-
cios de la primera categoría y cuántos los de la segunda. No
habiéndose justificado extremo tan importante se hace impo-
sible precisar cuál sea la cantidad que deba pagar la deman-
dada a los demandantes para solventar la póliza No. 1860 que
origina su reclamación, y por tanto falta base para sostener
la sentencia apelada que fija dicha cuantía en la suma de
$5,595.80.

El recurso de apelación se sostiene por el segundo de los
motivos que le sirven de fundamento y por tanto huelga con
siderar el tercer motivo.

Pero hay otro motivo que también lo sostiene.

El apelante en un alegato adicional presentado a la corte
antes de la vista del recurso, alegó que después de celebrado
el juicio y pronunciada sentencia, esta Corte Suprema revocó
la orden de la corte inferior de 15 de agosto, 1918 por la

que como ya dejamos dicho fué denegado el traslado del caso a la Corte de Distrito de San Juan. Dicha revocación se hizo por sentencia de 8 de julio, 1919, *Santalís et al.* v. *El Zenit,* 27 D. P. R. 605. Pero sostiene la parte apelada que de acuerdo con el artículo 298 del Código de Enjuiciamiento Civil una orden rehusando conceder el traslado de un pleito a otro distrito no suspende los procedimientos en el mismo. *Hernández et al.* v. *Cuevas Zequeira,* 24 D. P. R. 813. Estamos conformes. Admitimos que la Corte de Distrito de Mayagüez conservó su jurisdicción para seguir conociendo del caso no obstante haber sido apelada la orden de 15 de agosto, 1918 denegatoria del traslado. Sus procedimientos subsiguientes no fueron en exceso de jurisdicción pero las partes quedaron sujetas a las resultas de la apelación. Nuestra sentencia de 8 de julio, 1918 vino a producir el mismo resultado que si la corte de Mayagüez hubiera ordenado el traslado en la fecha en que lo negó y por tanto su actuación posterior no puede producir efecto legal. Véanse las decisiones de la Corte Suprema de California en los casos de *People ex rel. Scannell* v. *Whitney,* 47 Cal. 584–5, y *Howell* v. *Thompson,* 70 Cal. 635–6.

Es de revocarse la sentencia apelada, devolviéndose el caso a la Corte de Distrito de Mayagüez a los efectos de nuestra resolución de 8 de julio de 1919 y demás fines que fueren procedentes.

> *Revocada la sentencia apelada y devuelto el caso para cumplimiento de la resolución sobre traslado.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no intervinieron en la vista de este caso.