SIMMONS HARDWARE Co., demandante y apelante, *v.* HEALY & SIEBERT, compuesta por los socios gestores JOHN J. SIEBERT y JOHN DOE, demandada y apelada.

No. 3352.—*Visto:* Enero 30, 1925. *Resuelto:* Abril 20, 1925.

1. APELACIÓN Y ERROR—*"Supersedeas"* O SUSPENSIÓN DE LOS PROCEDIMIENTOS— EFECTOS DE LA APELACIÓN.—Apelada una orden denegatoria de traslado, el procedimiento principal queda sujeto al resultado de la apelación. (*Santalís v. El Zenit,* 28: 695, seguido.)

RESOLUCIÓN de *Angel Acosta,* J. (Mayagüez), declarando sin lugar moción sobre cosa juzgada y falta de jurisdicción. *Confirmada.*

*Harry F. Besosa,* abogado del apelante; *José Sabater,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Los demandantes iniciaron un pleito en la Corte de Distrito de San Juan. Se pidió el traslado a la Corte de Distrito de Mayagüez. Se negó. Se apeló de la negativa, pero como la apelación no suspende los procedimientos, la Corte de San Juan siguió conociendo del pleito y dictó sentencia en rebeldía en contra de los demandados, unos días antes de decidirse la apelación. El Supremo revocó la negativa y ordenó el traslado.

La sentencia en rebeldía no fué apelada y los demandantes en Mayagüez, dentro del pleito trasladado, alegaron que la cuestión envuelta quedó definitivamente juzgada y adjudicada por la sentencia en rebeldía. La Corte de Mayagüez resolvió la cuestión suscitada en contra de los demandantes y éstos interpusieron el presente recurso de apelación.

[1] Admiten los apelantes que si la sentencia en rebeldía hubiera sido apelada, habría sido revocada por la Corte Suprema de acuerdo con la jurisprudencia establecida en el caso de *Santalis* v. *El Zenit,* 28 D.P.R. 695, pero sostienen que no habiendo los demandados apelado, la sentencia quedó firme y es eficaz en contra de ellos.

No estamos conformes. La jurisprudencia citada tiene mayor alcance. En el caso de *Santalis* v. *El Zenit, supra,* siguiendo la jurisprudencia de California, se resolvió que si bien el recurso de apelación contra una orden denegatoria de traslado no suspende el procedimiento principal, éste queda sujeto al resultado del mismo de manera tal que si la orden fuese revocada, la actuación posterior a su fecha no surte efectos legales.

La sentencia en rebeldía dictada en este caso una vez decretado el traslado, quedó convertida en una mera nulidad y no era necesario apelar de ella. Un pleito terminado por sentencia no se traslada. Al enviarse por la Corte de San Juan a Mayagüez, en cumplimiento de la sentencia del Supremo, los procedimientos, habían ya caído por su base

todas las actuaciones posteriores al traslado y el pleito se remitía para ser tramitado y resuelto de nuevo de acuerdo con los hechos y la ley.

La circunstancia de que la jurisprudencia en los casos de California y Puerto Rico haya sido establecida en apelaciones contra la sentencia, no importa. La parte demandada, cómo sucedió en *Santalís* v. *El Zenit, supra,* puede continuar defendiéndose y si pierde apelar de la sentencia, porque si la otra apelación de la orden de traslado fuera resuelta adversamente para ella, si no hubiera establecido apelación contra la sentencia dictada en el pleito, dicha sentencia quedaría firme y sería eficaz en contra suya. Por ejemplo, si en este caso concreto que estudiamos la decisión del Supremo en el traslado hubiera sido distinta, entonces sí que la sentencia en rebeldía hubiera sido válida en contra de los demandados ya que no establecieron contra ella recurso de apelación.

*Debe confirmarse la resolución apelada.*