FÉLIX R. CANCELA, conocido por FÉLIX REINA, demandante y
apelante, *v.* CIPRIANA PELLOT, como heredera de EPIFANIA
DUPREY, conocida por EPIFANIA REINA, demandada y ape-
lada.

No. 3558.—*Visto:* Abril 3, 1925.  *Resuelto:* Agosto 1, 1925.

1. SENTENCIA—SENTENCIA EN REBELDÍA—APERTURA DE REBELDÍA—EXCUSAS PARA
OBTENERLA—NEGOCIOS Y COMPROMISOS PROFESIONALES FUERA DEL DOMI-
CILIO DEL CLIENTE.—Los negocios o compromisos profesionales de un abogado
fuera del domicilio del cliente no son excusas para dejar de atender los
asuntos de un cliente.

2. ABOGADO Y CLIENTE—DEBERES Y RESPONSABILIDADES DEL ABOGADO PARA CON EL
CLIENTE—ERRORES U OMISIONES DEL ABOGADO.—Los errores u omisiones del
abogado son imputables al cliente.

3. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—APERTURA
DE REBELDÍA.—El abrir una rebeldía por virtud de las excusas frívolas del
abogado del demandado constituye abuso de discreción.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), abriendo rebeldía. *Re-
vocada.*

*García Méndez & García Méndez,* abogados del apelante; *R. Padró
Parés,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este pleito fué comenzado en junio 13 de 1923. La corte denegó una de las mociones preliminares de la demandada pero concedió otra para mayor especificación o un pliego de particulares. En noviembre 7 de 1923 fué radicada una demanda enmendada. El día 4 de diciembre de 1923 el demandante obtuvo sentencia en rebeldía. Se verá que fué necesaria una sentencia en rebeldía para que el abogado de la demandada actuara, y es evidente que él tuvo tiempo para actuar en aquella ocasión. El compareció y radicó una moción en diciembre 27 de 1923 para que se anulara la sentencia. La corte en enero 24 de 1924 abrió la rebeldía. La demandada entonces, en febrero 20 de 1924, presentó otra moción para un pliego de particulares. El demandante, creyendo que la demandada no estaba realmente defendiéndose, solicitó de la corte una sentencia en rebeldía. El caso fué discutido ampliamente por ambos abogados y en una resolución razonada dictada en agosto 2 de 1924 fué registrada una segunda sentencia en rebeldía. Como aparece después, la verdadera razón para la anotación de la sentencia en rebeldía por la corte fué que el demandante ya había enmendado suficientemente su demanda en contestación a la primera moción para un pliego de particulares. La demandada en agosto 27 de 1924 solicitó de nuevo la apertura de la rebeldía. Con la moción de apertura de rebeldía la demandada archivó un affidavit de méritos, una excepción previa y una contestación. La corte se negó a abrir la rebeldía evidentemente creyendo que la demandada debió haber contestado en vez de reproducir su moción para un pliego de particulares. La corte fué de opinión de que su discreción debía ejercitarse en contra de la demandada. Dicha orden era de fecha septiembre 23 de 1924. Contra la sentencia en rebeldía la demandada no interpuso apelación, pero apeló de la resolución de septiembre 23 de 1924. La apelación fué desestimada en noviembre 18 de 1924. En 26 de noviembre

de 1924 el demandante estableció procedimientos en ejecución de sentencia.

Entonces la demandada en diciembre 16 de. 1924 presentó otra moción de apertura de rebeldía. Esta moción fué concedida por la corte y es contra la resolución de enero 13 de 1925, abriendo la rebeldía, que el demandante apeló. Esta resolución es como sigue:

"La demandada en el presente caso ha presentado una moción que está debidamente jurada, acompañada de affidavits de méritos, interesando de la corte deje sin efecto la sentencia en rebeldía registrada en este pleito, abriéndose la rebeldía que ha sido anotada y ordenando que se radique el escrito de. contestación enmendado presentado por la demandada.

"De dicha moción fué notificada la parte contraria y habiendo sido discutida en corte abierta con la asistencia de ambas partes litigantes, la corte declaró el caso concluso para la resolución que fuera procedente, reservándose dictarla en una de sus próximas sesiones.

"Se trata en este caso del cobro de cierta cantidad de dinero. Alega el demandante que el día 28 de diciembre de 1910 satisfizo a la sociedad industrial denominada Velardo y Gómez, la suma de $84.41 y en distintas ocasiones que no recuerda, pero en el mismo año 1910, satisfizo a dicha sociedad otras cantidades que en junto hacen un total de $305.31, suma que la causante doña Epifania Duprey, conocida por doña Epifania Reina, adeudaba a la citada sociedad industrial por concepto de reparaciones hechas en la casa residencia de dicha causante, cuyo importe total se comprometió ésta a pagar al demandante, con intereses al tipo del doce por ciento anual, a más tardar el día 31 de diciembre de 1913.

"En la contestación enmendada presentada por la demandada se hace una negación general y específica de los hechos tercero y cuarto de la demanda; alegándose como defensas especiales, esencialmente, que el demandante era el encargado de gestiones de cobro de dinero de la causante Epifania Duprey, conocida por Epifania Reina; que dicha causante nunca tomó a préstamo a Félix R. Cancela cantidad alguna de dinero ni ordenó a éste que pagara por ella a ninguna otra persona.

"Es mejor práctica permitir a las partes que se defiendan y resolver las cuestiones oyéndolas, que no la de sostener sentencias en rebeldía, cuando aparece que el descuido en cumplir la Ley de Pro-

cedimientos ha sido excusable, como en este caso y no debido al deseo de entorpecer y demorar la cuestión litigiosa.   Rubio vs. Mayagüez Auto Garage, Inc., 20 D.P.R. 244.

"La corte entiende que debe darse una oportunidad a la demandada para que se defienda, pues tanto del escrito de demanda como de la contestación aparece que tiene una buena causa de defensa.

"En el affidavit de méritos suscrito por el abogado de la demandada, que se acompaña a la expresada moción, se hace constar que al presentar dicho abogado el bill de particulares en este caso, pesaba sobre él un fuerte trabajo profesional que lo tenía permanentemente fuera del lugar de su domicilio; que tuvo la impresión, al presentar el referido bill de particulares, que había acompañado conjuntamente una moción solicitando de la corte dejara en suspenso el término para introducir las alegaciones de la demandada hasta tanto se resolviera el bill de referencia; y que una participación en las cuestiones políticas le hizo creer que las relaciones cordiales existentes entre los abogados de las partes no daría lugar a una solicitud de anotación de rebeldía y sentencia, por lo que no trató este caso con el celo y diligencia que ha tratado siempre todos los pleitos que lleva con otros compañeros.

"Si bien es cierto que el abogado de la demandada ha sido negligente, la corte entiende que tal negligencia es excusable por cuanto no ha sido el deseo de la demandada demorar la cuestión en litigio.

"POR TANTO, la corte, haciendo uso de las facultades discrecionales que le concede el art. 140 del Cód. de Enj. Civil, en bien de la justicia, resuelve dejar sin efecto ni valor alguno la sentencia en rebeldía registrada en este caso por el secretario, abriendo la rebeldía que ha sido anotada y dando por presentada la contestación enmendada radicada por la parte demandada; debiendo continuar los procedimientos de acuerdo con la ley.

"Aguadilla, P. R., a 13 de enero de 1925.    (fdo.) Tomás Bryan, Juez Corte Distrito.    Certifico: A. Méndez Liciaga, Secretario."

[1] A pesar de la condición de la ley y del hecho de que el abogado de la demandada sabía que el demandante ya había obtenido una sentencia en rebeldía, él expresa que confiaba en que el demandante no lo haría así.   En otras palabras, mientras el abogado de la demandada se ocupaba en otras obligaciones fuera de su domicilio y presentó una moción para un pliego de particulares, lo que evidentemente era una mera excusa, el abogado del demandante, movido

por un espíritu de compañerismo, estaba obligado a esperar y lo mismo su cliente. Estamos satisfechos de que en cualquier momento desde la apertura de la sentencia en rebeldía en enero 24 de 1924 hasta que se dictó la segunda sentencia en rebeldía en agosto 2, 1924, la demandada pudo haber obtenido permiso para contestar, especialmente si tal contestación hubiera sido ofrecida. La demanda no era bajo juramento. La contestación verdadera, aunque tiene defensas especiales, en su esencia es una mera negativa.

Frecuentemente hemos resuelto que los negocios o compromisos profesionales fuera del domicilio del cliente no son excusas para dejar de atender a los negocios de un cliente. Si las alegadas ocupaciones profesionales permiten a un abogado hacer tentativas de alegaciones en vez de realmente contestar, entonces los abogados muy ocupados pueden demorar los casos indefinidamente. Nos vemos obligados a dudar si el abogado estuvo demasiado ocupado por unos seis meses para poder prestar la debida atención a este caso, especialmente habiendo sido bastante activo el abogado de la demandada en cualquier dificultad en que se encontró.

[2, 3] La jurisprudencia es clara de que los errores u omisiones del abogado son imputables al cliente. Véase la nota al caso de Citizens' National Bank of Sisseton, 27 L. R.A. (N.S.) 858. Por supuesto que generalmente las cortes no intervendrán para revisar un acto de discreción al abrir una rebeldía. Las cortes de apelación están un poco más dispuestas a abrir una rebeldía en apelación, que a revocar la actuación cuando la misma corte inferior ha abierto la rebeldía. Sin embargo, en todos los casos reportados que hemos revisado en los cuales la rebeldía fué abierta, ya en la corte inferior, o en la corte de apelación, la actuación del abogado o su cliente era mucho más excusable. El caso es uno extraordinario y fuera de todo precedente. La corte se había negado una vez a ejercitar su discreción. Contra esa resolución hubo una apelación sin éxito. El abrir la rebeldía por virtud de las excusas frívolas del abogado de la

demandada era un abuso de discreción. No hubo ninguna verdadera excusa para el abogado no hacer alegaciones antes, como todas y cada una de las actuaciones del abogado mostraron. Un demandante tiene ciertos derechos y no deben hacerse depender del capricho y voluntad arbitraria del abogado de un demandado. Dudamos si algún caso reportado puede encontrarse en el cual el abogado de un demandado podía esperar indulgencia bajo tales circunstancias. Idaho tiene un estatuto que permite a una corte abrir una rebeldía dentro de cierto término debido a la negligencia del abogado si él paga las costas y queda sujeto a una multa no mayor de $100, pero este estatuto es una de las excepciones que indica cuál es la ley. Sentimos la situación de la demandada pero si ella tiene una defensa válida, probablemente tiene una acción contra su abogado por su negligencia.

No estamos impresionados con las excusas del abogado en este caso. Creemos que son enteramente frívolas. Ellas son imputables al cliente *y la resolución abriendo la rebeldía debe ser revocada.*