MARÍA DE LOS ÁNGELES, CARMEN MARÍA, FERNANDO, BETTY y SARA GUILLERMETY, y CARMEN CABRERA VDA. DE GUILLERMETY por sí y en representación y como madre con patria potestad de sus menores hijos RAFAEL y RAMÓN GUILLERMETY, demandantes y apelantes, *v.* LUIS E. CAPÓ, demandado y apelado.

Núm. 7232.—*Sometido:* Noviembre 2, 1937. *Resuelto:* Noviembre 30, 1937.

*La Costa & La Costa, Jr.,* abogados de los apelantes; *José C. Rodríguez Cebollero,* abogados del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Los demandantes han apelado de una resolución dictada por la Corte de Distrito de San Juan que deja ''sin efecto ni eficacia alguna la sentencia registrada en noviembre 22, 1935, y reponiendo el caso al mismo estado que estaba antes del juicio, pero imponiendo al demandado las costas de este incidente, sin incluir honorarios de abogado.''

La demanda es una en cobro de pagaré suscrito a favor de Rafael Guillermety, causante de los demandantes, por el demandado Luis E. Capó. El 22 de octubre de 1935 el secretario de la corte notificó a las partes que el juicio había sido señalado para el día 4 de noviembre de 1935, y no habiendo comparecido en esa fecha el demandado, los demandantes procedieron a practicar su prueba. El 22 de noviembre de 1935 dictó sentencia la corte declarando con lugar la demanda e imponiendo al demandado las costas, incluyendo en ellas honorarios de abogado.

El abogado del demandado presentó una moción para que se dejara sin efecto la sentencia a favor de los demandantes, basando dicha moción en las alegaciones siguientes:

''1.        .        .        .        .        .        .        .        ‥

''2. Que este abogado del demandado no se enteró de dicho señalamiento ni de que se le había remitido por el Secretario de esta Corte la notificación del mismo hasta hace tres días, o sea mucho después de haberse celebrado el juicio, por el motivo de que cuando el mensajero de esta Corte, encargado de estas diligencias oficiales entregó dicha notificación en mi oficina, me encontraba ausente en la Isla, en asuntos profesionales, y cuya notificación fué entregada bajo sobre

a una hermana de este letrado, quien aunque dejó sobre el escritorio, se olvidó de entregar o informarme de haberse recibido dicho pliego, por no ser ella empleada mía, ni estar al cabo de estos asuntos, y como este letrado desde los primeros días del mes de octubre frecuentemente ha tenido que encontrarse ausente de su oficina, en el pueblo de Comerío en gestiones legales, como abogado de la Puerto Rico Production Credit Association, apenas podía venir a esta Corte, e ignoraba en absoluto los señalamientos hechos por la misma.

"3. Que de haber tenido conocimiento este abogado de dicho señalamiento, no hubiera dejado de comparecer a atender a la vista de este caso, por considerar que el demandado tiene suficiente y meritoria defensa en el mismo, y porque en su carácter de abogado ha tratado siempre de cumplir fielmente con sus deberes para con sus clientes y la Corte.

"4. Que este letrado fué sorprendido de que este caso había sido señalado y visto, como alega hace tres días, en ocasión de estar buscando otros papeles sobre su escritorio y encontró el sobre conteniendo dicha notificación, trasladándose seguido a esta Corte a fin de confirmar si el caso fué visto, lo que resultó confirmado por la celebración del juicio en el expresado día y dictándose sentencia en contra del demandado.

"5. Que esta sentencia en tales circunstancias teniendo como tiene el demandado una buena defensa en contra de las pretensiones de los demandantes, de acuerdo con sus alegaciones en su contestación, sería fatal para él, quien desde el primer momento de haber sido demandado ha tenido interés y necesidad de defenderse de dicha pretensión.

"6. Que en este caso, según alegamos, por la no comparecencia de la parte demandada a la vista del juicio, ha ocurrido la inadvertencia y sorpresa, por no haber llegado a poder de este abogado la notificación del Secretario, y existe a más una excusable negligencia, por las razones expuestas de haberse encontrado frecuentemente fuera de su oficina y de esta ciudad, en la Isla, en asuntos profesionales."

Se opusieron por escrito los demandantes a que se dejara sin efecto la sentencia recaída a su favor, pero a pesar de ello la corte, como hemos dicho, así lo resolvió. Los demandantes apelaron. En su alegato señalan dos errores, a saber:

"1. La Corte de Distrito de San Juan erró manifiestamente al dejar sin efecto ni eficacia alguna la sentencia dictada por la misma en 22 de noviembre de 1935.

"2. Igualmente erró dicha corte al imponer al demandado apelado el pago de las costas del incidente sin incluir honorarios de abogado."

Sostienen los apelantes que las razones aducidas por el demandado en su moción son insuficientes para que una corte, en el ejercicio de sus facultades discrecionales, deje sin efecto una sentencia.

El artículo 140 del Código de Enjuiciamiento Civil dispone, entre otras cosas:

". . . La corte puede también, a su arbitrio, después de notificada la parte contraria, permitir en la forma que estimare justa, una enmienda a cualquier alegación o procedimiento en otros particulares, y puede, en igual forma, permitir que se formule una contestación después del término prescrito por este Código, y también eximir a alguna persona o a sus representantes legales, de los efectos de una sentencia, orden u otro procedimiento que se hubiese dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia; y cuando por cualquier razón que la corte o el juez de la misma estime satisfactorio, la parte agraviada hubiese dejado de solicitar algún recurso legal, durante el período judicial en que se dictó dicha sentencia, orden o procedimiento objeto de la queja, dicha corte o juez en vacaciones, podrá conceder el remedio, mediante solicitud presentada dentro de un plazo razonable que no excederá de seis meses, contados desde la expiración del período judicial. . ."

Las palabras usadas son peculiarmente fuertes en favor de una parte que está en rebeldía: "equivocación", "inadvertencia", "sorpresa" o "excusable negligencia".

"Inadvertencia" fué la mejor caracterización de la naturaleza de la rebeldía en este recurso y se le coloca en la misma base que "equivocación" o "sorpresa", fundamentos que en muchos casos sirven para la intervención de una corte de equidad. En la ley común existía una interpretación más estricta de rebeldía, pero en Puerto Rico la Asamblea Legislativa ha hablado. Véase especialmente el caso de *Gutiérrez et al.* v. *Foix*, 23 D.P.R. 73.

La jurisprudencia de las cortes es clara al efecto de que una sentencia, dictada aun después de celebrado un juicio, como en el presente caso, pero registrada prácticamente en rebeldía, puede ser abierta a discreción de la corte.

Los apelantes citan el caso de *Cancela* v. *Pellot,* 34 D.P.R. 664. En dicho caso, en el cual actuamos con considerable vacilación, la corte inferior se había negado antes a ordenar la apertura de la rebeldía. La parte apelada no presentó méritos algunos para que se abriera la rebeldía, sino todo lo contrario. El abuso de discreción allí fué claro.

La corte inferior dijo que los demandantes con buenas razones se opusieron a la apertura de la rebeldía, pero que luego de examinar los hechos, ella creía que los intereses de la justicia exigían que el caso se colocara en el estado en que antes se hallaba. Es evidente, además, que el demandado y apelado actuó rápidamente al ser notificado de la sentencia. No hallamos razón suficiente para revocar la discreción de la corte inferior.

Los apelantes también se quejan de que la corte de distrito dejara de incluir honorarios de abogados en las costas. Ésta también es cuestión que cae dentro de la sana discreción de la corte, suponiendo que la corte tuviera derecho a imponer honorarios de abogados en ese incidente.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR TRAVIESO

Los hechos de este caso aparecen claramente expuestos en la opinión emitida por la mayoría de este tribunal.

En ella se califica de "inadvertencia" lo que a mi juicio constituye negligencia, abandono y descuido en la tramitación de un pleito ante un tribunal de justicia. *Gill* v. *Peppin,* 41 Cal. App. 487, 496; *Coleman* v. *Rankin,* 37 Cal. 247. La ley no impone a los secretarios de las cortes de distrito el deber de notificar a los abogados el señalamiento de día

para la celebración del juicio. *Cubano* v. *Jiménez et al.,* 32 D.P.R. 167; *Santalís et al.* v. *El Zenit,* 28 D.P.R. 695; *Cintrón* v. *El Zenit,* 28 D.P.R. 687. En ese sentido el abogado es tan funcionario de la corte como el secretario. Se presume concluyentemente que asiste a la corte, y es su deber enterarse de la marcha de sus casos. *Guardian Assurance Co.* v. *López Acosta,* 24 D.P.R. 637. No obstante, el 22 de octubre de 1935 el secretario de la corte ante la cual estaba pendiente el caso de autos, excediéndose en el cumplimiento de sus obligaciones, notificó al abogado del demandado que el juicio se celebraría el 4 de noviembre de ese mismo año. Se deduce de la moción que presentó posteriormente para que se dejara sin efecto la sentencia recaída, que dicha notificación llegó oportunamente a su destino. No se trata, pues, de un caso como el de *Cubano* v. *Jiménez et al.,* supra, en que el secretario no comunicó el señalamiento, a pesar de lo cual este tribunal revocó la resolución que dejaba sin efecto la sentencia.

¿Y qué razones adujo el apelado para que la corte inferior le eximiera de los efectos de la sentencia que ya había sido dictada? Se reducen a lo siguiente:

"2. Que este abogado del demandado no se enteró de dicho señalamiento ni de . . . la notificación . . . hasta . . . mucho después de haberse celebrado el juicio, por el motivo de que . . . me encontraba ausente en la isla . . . y cuya notificación fué entregada . . . a una hermana de este letrado, quien . . . se olvidó de entregar o informarme de haberse recibido dicho pliego . . . y como este letrado . . . ha tenido que encontrarse ausente . . . apenas podía venir a esta corte, e ignoraba en absoluto los señalamientos hechos por la misma.

"3. . . . que el demandado tiene suficiente y meritoria defensa. . ."

Haciendo caso omiso de los deberes que la ley le impone, el abogado en este caso, teniendo pleitos pendientes y listos para juicio ante la corte inferior, se ausentó de su oficina sin notificar antes el hecho a la corte, sin dejar a nadie en-

cargado de su despacho, sin hacer con el abogado de la parte contraria una estipulación posponiendo todo señalamiento, y sin conseguir de la corte una prórroga. A mi juicio es un error calificar esa conducta como una "inadvertencia," cuando en *Gallardo* v. *Crescioni,* 49 D.P.R. 368, enfrentándose a una situación de hechos idéntica, resolvió esta corte que no podía sostener que hubo "equivocación, inadvertencia, sorpresa o excusable negligencia para no asistir al juicio el día señalado," expresándose así:

"El señalamiento de día para juicio en ese pleito fué hecho en el calendario general de asuntos civiles de la corte y fué notificado por el secretario de la misma al abogado de los demandados. Éstos no comparecieron al juicio personalmente ni por su abogado y oída la prueba que presentó la demandante, recayó sentencia condenando mancomunada y solidariamente a Francisco A. Crescioni y a Rosa Axtmayer a pagar a Elisa Gallardo la cantidad por ella reclamada. Notificada esa sentencia al abogado de los demandados, dicho letrado solicitó de la corte que la dejase sin efecto porque no había tenido conocimiento del día señalado para el juicio y porque en la contestación de los demandados fué alegada una defensa meritoria, que no tuvo oportunidad de probar. La corte dejó sin efecto su sentencia fundándose en el artículo 140 del Código de Enjuiciamiento Civil y la fiadora demandante interpuso esta apelación.

"No solamente el señalamiento de día para el juicio hecho en el calendario general de la corte fué suficiente aviso para el abogado de los demandados, según hemos resuelto en varias ocasiones, sino que, además, el secretario de la corte notificó ese señalamiento a dicho abogado, por lo que no podemos sostener que en este caso, bajo todas sus circunstancias especiales, hubo de su parte equivocación, inadvertencia, sorpresa o excusable negligencia para no asistir al juicio el día señalado. Por consiguiente, fuera o no meritoria la defensa de los demandados, ellos tuvieron oportunidad, que no aprovechó su abogado, de probar la alegación que hicieron y de que se resolviera si era meritoria o no. La demandante no debe sufrir las consecuencias de la conducta del abogado de los demandados."

No se niega la facultad de las cortes de distrito para resolver casos como el de autos, de acuerdo con la discreción que les confiere el artículo 140 del Código de Enjuiciamiento Civil, pero el ejercicio de esa discreción tiene su límite (*Essig*

v. *Seaman,* 89 Cal. App. 295, 298) y sin duda alguna no debe ejercitarse en pugna con anteriores decisiones de esta corte porque ello constituiría un abuso de discreción. *Cancela* v. *Pellot,* 34 D.P.R. 664, 668; *Dunn* v. *Standard Acc. Ins. Co.,* 114 Cal. App. 208, 213.

"La que se contempla no es, sin embargo, una discreción caprichosa o arbitraria, sino imparcial, guiada y controlada en su ejercicio por principios legales fijos. No es una discreción mental a ser aplicada *ex gratia,* sino discreción legal para ejercitarse de conformidad con el espíritu de la ley, y en una forma que ayude y no que impida o destruya los fines de la justicia. En un caso claro, esta discreción no juega ningún papel, su aplicación se limita a casos dudosos, donde una mente imparcial vacila. Si se dudase sobre la suficiencia de las razones ofrecidas o sobre los méritos *in foro legis* de las defensas aducidas, cuando se examinan bajo aquellas reglas de derecho por las que los jueces llegan a sus conclusiones, no debe alterarse la sentencia de una corte inferior. Si por el contrario, estamos convencidos, más allá de una duda razonable, que la corte inferior ha llegado a una conclusión errónea, la parte perjudicada por ese error tiene suficiente derecho a una revocación tanto en el presente caso como en cualquiera otro." *Bailey* v. *Taaffe,* 29 Cal. 423, 424.

Véanse además: *Williamson* v. *Cummings etc. Co.,* 95 Cal. 652; *Essig* v. *Seaman,* supra, 89 Cal. App. 295; *Gill* v. *Peppin,* supra, 41 Cal. App. 487, 493; *Coleman* v. *Rankin,* 37 Cal. 247; *Durbrow* v. *Chesley,* 24 Cal. App. 416; *Redding etc. Min. Co.* v. *Nat. Surety Co.,* 18 Cal. App. 488.

En la opinión emitida por la mayoría de este tribunal se cita como autoridad el caso de *Gutiérrez et al.* v. *Foix,* 23 D.P.R. 73, y sin embargo se distingue del de autos, el de *Cancela* v. *Pellot,* supra, a base de que en éste la corte inferior se "había negado antes a ordenar la apertura de la rebeldía."

El caso de *Gutiérrez* v. *Foix,* supra, es a mi juicio inaplicable al de autos, porque en él concurren hechos que faltan aquí. Veámoslo. En aquél:

". . . . siendo imposible al abogado de los demandantes y apelantes estar presente en la vista *de novo* ante la corte de distrito,

había telegrafiado al abogado de Foix suplicándole pidiera la suspensión del juicio, habiendo recibido la contestación siguiente: 'Envíe moción pidiendo suspensión. Me allanaré.'... en seguida también le fué enviada una estipulación para la suspensión de la vista hasta que se le enviara nuevo aviso al abogado de Foix.''

Se resolvió, con sobrada razón, a mi juicio, que la corte inferior había abusado de su poder discrecional al declarar sin lugar la moción de los demandantes interesando que se dejara sin efecto la sentencia, ya que ''si de hecho no compareció fué porque entendió y pudo de buena fe entender que el juicio se suspendería con la conformidad de la parte demandada.'' El caso es a claras luces distinto. El abogado del demandante fué diligente; estipuló con el de la parte contraria una suspensión.

A pesar de que en el caso de *Cancela* v. *Pellot,* supra, la corte inferior se había negado antes a ordenar la apertura de la rebeldía, este tribunal resolvió:

''Frecuentemente hemos resuelto que los negocios o compromisos profesionales fuera del domicilio del cliente no son excusas para dejar de atender a los negocios de un cliente. Si las alegadas ocupaciones profesionales permiten a un abogado hacer tentativas de alegaciones en vez de realmente contestar, entonces los abogados muy ocupados pueden demorar los casos indefinidamente. Nos vemos obligados a dudar si el abogado estuvo demasiado ocupado por unos seis meses para poder prestar la debida atención a este caso, especialmente habiendo sido bastante activo el abogado de la demandada en cualquier dificultad en que se encontró.

''. . . Un demandante tiene ciertos derechos y no deben hacerse depender del capricho y voluntad arbitraria del abogado de un demandado.''

El caso podrá ser más fuerte que el de autos, si se quiere, pero ello no implica que en éste que se resuelve la corte inferior no abusara también de su discreción. La cuestión allí resuelta estaba en *issue* y hasta tanto no se revoque, el caso es autoridad para resolver éste y cualquier caso análogo que en el futuro se presente.

En vista de lo anterior, opino que la resolución recurrida debió haberse revocado por constituir un claro abuso de discreción.